983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re Samuel A. ARONSON, Petitioner.
 Misc. No. 356.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Samuel A. Aronson petitions for a writ of mandamus to direct Judge Donald Ivers of the Court of Veterans Appeals to recuse himself from Aronson's case at the veterans court, no. 92-561.
 
 
 2
 As gleaned from the documents submitted, Judge Ivers has issued a decision upholding the Board of Veterans Appeals' decision granting Aronson a 10% disability for loss of an eye.* Aronson, dissatisfied with the 10% rating, asked Judge Ivers to recuse himself alleging that Judge Ivers is hostile to veterans. Judge Ivers apparently denied the motion on August 14, 1992. Aronson indicates that he filed motions requesting that a three-judge panel and the in banc court review the ruling. Those motions appear to be pending. At the same time, Aronson filed the instant petition.
 
 
 3
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking a writ must show that its right to mandamus is clear and indisputable. Id. Aronson has not made such a showing. First, this is not the proper time and mandamus is not the proper manner to have this matter reviewed. The Court of Veterans Appeals has not yet ruled on Aronson's pending motions. Hence, the matter has not even been resolved at the Court of Veterans Appeals. Further, once the rulings are made, the case will be finished at the Court of Veterans Appeals and Aronson may appeal, if appropriate. On appeal, if any reviewable issues pursuant to 38 U.S.C. § 7292 are presented, Aronson may present arguments thereon in his briefs. Finally and most importantly, Aronson has not shown that there is any merit to his allegations or that his right to a writ is clear and indisputable.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 Aronson's petition for a writ of mandamus is denied.
 
 
 
 *
 Apparently, the Board determined that Aronson entered the service with a 30% vision disability, sustained a 40% disability while with the service, and thus was entitled to a 10% disability rating